```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
OLAF SÖÖT DESIGN, LLC,

                Plaintiff,

                                                    15 Civ. 5024 (RWS)
       - against -
                                                    OPINION
DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

                Defendants.
------------------------------------------X

A P P E A R A N C E S:
```

Attorneys for Plaintiff

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
By:  James M. Bollinger, Esq.
     Timothy P. Heaton, Esq.
     Phoenix S. Pak, Esq.
     Katherine Harihar, Esq.


Attorneys for Defendants

BLANK ROME LLP
405 Lexington Ave
New York, NY 10174
By:  Kenneth L. Bressler, Esq.

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
By:  Russel T. Wong, Esq.
     Linh Bui, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/17

**Sweet, D.J.**

Defendants Daktronics, Inc. and Daktronics Hoist, Inc. ("Daktronics" or the "Defendants") have moved for reconsideration of this Court's October 26, 2016 decision to deny Defendants' motion for summary judgment on non-infringement regarding Defendants' Vortek winch and Plaintiff Olaf Sööt Design, LLC's ("Olaf Sööt" or the "Plaintiff") U.S. Patent No. 6,520,485 ("the '485 Patent"). For the reasons set forth below, Defendants' motion for reconsideration is denied.

**Prior Proceedings**

Plaintiff brought this patent infringement action on June 26, 2015. On October 26, 2016, after hearing Plaintiff's motion for claim construction and Defendants' motion for summary judgment, the Court construed twelve claim constructions on the '485 Patent and denied Defendants' summary judgment motion. (Dkt. 72.)

On November 9, 2016, Defendants moved for reconsideration. (Dkt. 74.) The motion was taken on submission and marked fully submitted on January 12, 2017. (Dkt. 87.)

1

**Applicable Standard**

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted).

The standard for granting such a motion is "strict" and should only be done when the movant "can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving

2

party seeks solely to relitigate an issue already decided," Shrader, 70 F.3d at 257.

**Defendants' Motion For Reconsideration Is Denied**

In their motion for reconsideration, Defendants contend that when the Court found that a reasonable jury could find the accused Vortek winch insubstantially different to the '485 Patent under the doctrine of equivalents, it ignored Federal Circuit precedent and violated part of the "all elements rule." (Defs.' Memo in Supp. at 1, Dkt. 75.) As this issue was previously raised by Defendants in their motion papers, considered by the Court, and has not been shown to be clear error, Defendants' motion is denied.

The "all elements rule" states that "an accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent." Freedman Seating Co. v. Am. Seating. Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citations omitted). This rule "constrain[s] when and how the doctrine of equivalents is to be applied" by finding that "an element of an accused product or process is not, as a matter of law, equivalent to a limitation of the claim invention if such a finding would entirely vitiate the limitation." Id.

3

(citing Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 29 (1997)). To find a claim limitation vitiated is a "legal determination that the evidence is such that no reasonable jury could determine two elements to be equivalent." Deere & Co. v. Bush Hog, LLC, 703 F.3d 1349, 1356 (Fed. Cir. 2012) (citing Warner-Jenkinson, 520 U.S. at 39 n.8). "[T]he vitiation test cannot be satisfied by simply noting that an element is missing from the claimed structure or process because the doctrine of equivalents, by definition, recognizes that an element is missing that must be supplied by the equivalent substitute." Id. "[F]or example, courts properly refuse to apply the doctrine of equivalents 'where the accused device contain[s] the antithesis of the claimed structure.'" Id. (citation omitted).

Defendants repeatedly argued vitiation during briefing for their summary judgment motion. (See Defs.' Memo in Supp. at 10-11, Dkt. 33; Defs.' Reply Br. at 9-10, Dkt. 51.) While citing different cases here, it is difficult to construe Defendants' instant motion as anything but an attempt to "repeat[] the same arguments included in previous motion papers." Cipollaro v. NYC Transit Authority, 2015 WL 110147, at *1 (S.D.N.Y. Jan. 3, 2015) (citing UniCredito Italiano Spa v. JP Morgan Chase Bank, 288 F. Supp. 2d 485 (S.D.N.Y. 2003)). This is not the purpose of reconsideration.

4

Nevertheless, to the extent that Defendants identify new cases of controlling precedent, none show clear error warranting reconsideration. The contested '458 Patent claim element is a functional limitation that covers a corresponding structure and its equivalents. See (Dkt. 72 at 13); 35 U.S.C. § 112(f). The Court already found that the '458 Patent and Vortek winch do not possess literally identical structures. (Dkt. 72 at 25.) But under the doctrine of equivalents, it is not required that an accused product literally possess every element of allegedly infringed patent because, "by definition," it could not. Deere & Co., 703 F.3d at 1356. A reasonable factfinder could find the Vortek's design—where "part of the base member slide[s] relative to the carriage and the other part remain bolted in place" as opposed to both sides of the base member (Dkt. 72 at 27 (emphasis added))—an "insubstantial structural difference" that is structurally equivalent in performing an identical function to the '458 Patent. Al-Site Corp. v. VSI Intern., Inc., 174 F.3d 1308, 1321 (Fed. Cir. 1999). Unlike the cases identified by Defendants[1], Plaintiff's means-plus-function claim covers equivalent claim structures, and the Vortek winch's structural

---

[1] Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350 (Fed. Cir. 2005); Senior Techs., Inc. v. R.F. Techs., Inc. 76 Fed. App'x 318 (Fed. Cir. 2003); Am. Calcar, Inc. v. Am. Honda Motor Co., Inc., 651 F.3d 1318 (Fed. Cir. 2011).

5

difference neither makes the Vortek winch the "antithesis" of the '485 Patent, <u>Deere & Co.</u>, 703 F.3d at 1356 (citation omitted), nor renders the given '485 Patent "limitation meaningless." <u>Freedman Seating</u>, 420 F.3d at 1359 (citation omitted).

## Conclusion

For the foregoing reasons, Defendants' motion for reconsideration is denied.

It is so ordered.

New York, NY
May 17, 2017

_____
ROBERT W. SWEET
U.S.D.J.