UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
OLAF SÖÖT DESIGN, LLC,

        Plaintiff,

    - against -

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

        Defendants.
------------------------------------------X

15 Civ. 5024 (RWS)

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
By:  James M. Bollinger, Esq.
     Timothy P. Heaton, Esq.
     Phoenix S. Pak, Esq.
     Katherine Harihar, Esq.

Attorneys for Defendants

BLANK ROME LLP
405 Lexington Ave
New York, NY 10174
By:  Kenneth L. Bressler, Esq.

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
By:  Russel T. Wong, Esq.
     Linh Bui, Esq.

**Sweet, D.J.**

Plaintiff Olaf Sööt Design, LLC ("OSD" or the "Plaintiff") has moved for leave to amend its Complaint, pursuant to Federal Rule of Civil Procedure 15, to add a claim of willful infringement and a prayer for relief of enhanced damages against Defendants Daktronics, Inc. and Daktronics Hoist, Inc. ("Daktronics" or the "Defendants"). For the reasons set forth below, Plaintiff's motion is granted.

**Prior Proceedings**

On June 25, 2015, Plaintiff brought this action alleging patent infringement as to U.S. Patent No. 6,520,485 ("the '485 Patent"). Background detailing the alleged '485 Patent infringements, this Court's claim constructions, and the denial of Defendants' summary judgment motion can be found in prior opinions of the Court. See Olaf Soot Design, LLC v. Daktronics, Inc., 220 F. Supp. 3d 458, 462 (S.D.N.Y. 2016), reconsideration denied, No. 15 Civ. 5024 (RWS), 2017 WL 2191612 (S.D.N.Y. May 17, 2017). Familiarity is assumed.

1

On September 13, 2017, Plaintiff moved to amend its Complaint, which was heard and marked fully submitted on October 18, 2017.

**Applicable Standard**

Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "Generally, '[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). Where, as here, a motion for leave to amend is brought after the time period for amending pleadings has expired pursuant to a court's Scheduling Order, however, Rule 16(b)'s more stringent "good cause" standard, which is based on the "diligence of the moving party," must be "balanced against" the most "lenient standard under Rule 15(a)." Id. at 334 (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2003)); see Fed. R. Civ. P. 16(b)(4).[1]

---

[1] While the scheduling order in this case did not include a specific deadline to amend pleadings, (see Dkt. No. 30), the parties' Joint Discovery Plan set the date that parties could amend pleadings no later than two weeks after the Court's

2

Tension between the mandates of Rules 15 and 16 has been noted by courts in this circuit, and fulfilling both requires considering, as relevant here, affording justice to a plaintiff, a plaintiff's good cause and diligence in seeking the amendment, and potential prejudice to the defendant.[2] See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014) (analyzing the Second Circuit judicial landscape). No one factor is dispositive, and "a district court has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order." Id.; see also Kassner v. 2nd Ave. Deli., Inc., 496 F.3d 229, 244 (2d Cir. 2007) ("The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants."); Castro v. City of N.Y., No. 06 Civ. 2253 (RER), 2010 WL 889865, at *2 (E.D.N.Y. Mar. 6, 2010) ("[B]oth Rules should be

---

decision regarding claim construction, resulting in a deadline of November 9, 2016. (See Dkt. Nos. 29 & 72.) The parties do not appear to dispute this is the operative deadline.

[2] Defendants neither argue nor have shown futility or bad faith with respect to Plaintiff's instant motion or proposed amendment. See, e.g., Fresh Del Monte Produce, Inc., 304 F.R.D. at 178.

3

considered simultaneously, with of course, the plaintiff's diligence considered as the primary factor.").

**Plaintiff's Motion to Amend is Granted**

Plaintiff seeks leave to amend its Complaint to add a claim for willful infringement. Both sides present arguments of some merit.

In opposition, Defendants contend that Plaintiff's motion is after the parties' agreed-to scheduling order, that because Plaintiff did not act diligently in asserting its new claim good cause has not been shown, and that Defendants will be prejudiced by the amendment. Defendants point principally to discovery documents Plaintiff received back in March and June 2016 that contained file histories of Defendants' prosecution of patents Defendants had acquired from a third-party company, Hoffend (the "Hoffend Patents"). Defendants note that the Hoffend Patents' prosecution documents cited the '485 Patent as a reference, that Plaintiff has previously cited documents by Hoffend referencing the '485 Patent both to this Court and the U.S. Patent and Trade Office ("USPTO"), and that Plaintiff failed to follow-up on investigating file information publically available on the

4

Hoffend Patents or asking questions about the Hoffend Patents to Defendants' 30(b)(6) witness.[3]

Plaintiff respond that its motion is timely because Plaintiff only recently acquired the factual support for its willful infringement claim due to misleading and delayed discovery disclosures on the part of Defendants. According to Plaintiff, the Hoffend Patents documents only indicate that Hoffend, not Defendants, had knowledge of the '485 Patent, and Plaintiff did not think it necessary to investigate further after relying on Defendants' discovery responses that Defendants first learned of the '485 Patent in the instant litigation and had disclosed all relevant and responsive documents. Plaintiff contends it was only after receiving later document disclosures from Defendants starting in June 2017, disclosures that

---

[3] Defendants' contention that Plaintiff had in October 2016, in a separate *inter parties* review ("IPR") proceeding, argued to the USPTO that Defendants knew of the '485 Patent does not speak to the issue here. (See Defs.' Mem. in Opp. ("Defs.' Opp.") at 1, 4.) The evidence presented there addressed Hoffend's knowledge and infringement of the '485 Patent, but the argument by Plaintiff at that time was not that Defendants knew of the '485 Patent prior to the instant action. The same holds for Plaintiff's previous argument before this Court that "there is strong evidence" that Defendants copied the '485 Patent, which addressed Hoffend's knowledge of infringement, not Defendants' themselves. (See Defs.' Opp. at 4, 8 n.7.) Insofar as Defendants present Plaintiff's briefings to demonstrate Plaintiff's access to publically available files, however, that issue is addressed below.

5

contained communications between Defendants and the USPTO, that Plaintiff unearthed evidence of Defendants' knowledge, making Plaintiff's proposed claim actionable.

To a certain degree, Defendants' argument against Plaintiff's diligence carries weight. Plaintiff received the Hoffend Patents from Defendants in mid-2016 and those documents referenced the '485 Patent. (See, e.g., Declaration of Phoenix S. Pak dated September 13, 2017 ("Pak Decl."), Ex. 22 at 3.) With knowledge of such documents, a litigator could have begun investigating the prosecution history of those patents herself. At the same time, Defendants' representations during the discovery process could reasonably have led Plaintiff to conclude additional fact-finding as to Defendants' patent prosecution history and Plaintiff's willfulness claim would be unnecessary—for example, when Defendants represented in mid-2016 that they had produced all documents responsive to Plaintiff's discovery requests, including any documents related to Defendants' patent applications and Defendants' prior knowledge of the '485 Patent, representations which were proven incorrect in the aftermath of a motion to compel granted in April 2017. (See Pak Decl., Ex. 42; Dkt. No. 128.) Given the circumstances, Plaintiff filed the instant motion to amend within a few months after receiving and reviewing relevant patent prosecution file

6

histories from Defendants in June 2017 and, as such, the failing to perform particular research or in not asking particular questions of Defendants' 30(b)(6) witness do not establish a lack of diligence.[4] See Perez v. MVNBC Corp., No. 15 Civ. 6127 (ER), 2016 WL 6996179, at *4 (S.D.N.Y. Nov. 29, 2016) (finding "no lack of diligence" by plaintiffs, even when the sought information was publically available, given "potential confusion" from the publically available information and the lack of defendants' response to discovery requests); Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc., 283 F.R.D. 142, 148-49 (S.D.N.Y. 2012) (finding diligence and allowing amendment filed two months after facts allegedly learned during

---

[4] Defendants principally cite two cases in support of their position, neither of which clearly warrant denial of the instant motion. In Rent-A-Ctr., Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100 (S.D.N.Y. 2003), the court found the movants had knowledge of their claim back when the original complaint was filed. See Rent-A-Ctr., 215 F.R.D. at 104. Rent-A-Ctr. also did not address more recent Second Circuit authority that direct that "good cause" should not be "the only consideration" a district court should look to when deciding a motion to amend. Kassner, 496 F.3d at 244; see Rent-A-Ctr., 215 F.R.D. at 103 (discussing only Parker v. Columbia Pictures Indus., 204 F.3d 326 (2d Cir. 2000)). The factual and legal landscape here is different. In Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013), the Second Circuit affirmed the denial of a motion to amend and found that the plaintiff had "sufficient notice of the relevant facts" far earlier and that the proposed amendment would have "changed the entire nature of the case by turning it into a class action" and adding Monell claims. Id. Plaintiff's proposed amendment is no such radical departure from the claims already present.

7

discovery); Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (finding good cause and no lack of diligence when plaintiff "may have suspected" that defendant breached an agreement but only filing motion to amend when its cause of action was "based on factual allegations, not factual speculation").

In addition, the Second Circuit has "left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment," such as considering whether the amendment would have result in undue prejudice for the defendant. Fresh Del Monte Produce, Inc., 304 F.R.D. at 175 (quoting Castro, 2010 WL 889865, at *2). Prejudice can exist if an amendment would "(1) require the defendant to expend 'significant additional resources' to conduct discovery, or would (2) 'significantly delay' the resolution of the dispute." Scott v. Chipotle Mexican Grill, Inc., 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (quoting Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993)). Courts are more likely "to find prejudice where the parties have already completed discovery and the defendant has moved for summary judgment." Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013). However, "even if discovery were prolonged, 'the adverse party's burden of undertaking discovery, standing alone, does not suffice to

8

warrant denial of a motion to amend a pleading.'" A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting United States v. Cont'l Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989)) (considering a Rule 15 motion to amend).

Defendants aver that to grant Plaintiff's motion will prejudice them, necessitating additional discovery and prolonging the disposition of this action. While amending the Complaint at this point in the litigation's lifecycle is later than preferable, no trial date has been set, and the interrelation of the old claim and a new related, narrow claim to this patent case indicates that additional discovery, while warranted, will not prolong the proceedings significantly. See Estrada v. Ctny. of Nassau, No. 05 Civ. 1821 (LDW) (ARL), 2010 WL 2218802, at *1 (E.D.N.Y. May 28, 2010) (recounting how the court previously granted a motion to amend and add a new claim two week before trial, while summary judgment motion was under consideration, and had allowed limited discovery "exclusively with respect to the amendment"). As such, any prejudice is outweighed by the interests of justice in having these related claims tried together. See Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend post-discovery while a motion for

9

summary judgment was under consideration when the proposed claims "allege an entirely new set of operative facts"); State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (reversing denial of motion to amend and finding that an amendment would cause delay, but not undue prejudice because "amended claim was obviously one of the objects of discovery and related closely to the original claim" and no trial date had been set).

**Conclusion**

Plaintiff's motion to amend its Complaint is granted. The parties will meet and confer with respect to any additional discovery necessary to the issue of willful infringement and the schedule for any further motions, including the presently scheduled motions *in limine*, and for trial. Any unresolved issues will be the subject of the pretrial conference scheduled for October 31, 2017, at noon, or at such adjourned date as the parties may agree upon.

It is so ordered.

**New York, NY**
**October 26, 2017**

ROBERT W. SWEET
U.S.D.J.

11