UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

OLAF SÖÖT DESIGN, LLC,

        Plaintiff,

                           15 Civ. 5024 (RWS)

   - against -

                           OPINION

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

        Defendants.

------------------------------------------X

A P P E A R A N C E S:

### Attorneys for Plaintiff

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
By:  James M. Bollinger, Esq.
      Timothy P. Heaton, Esq.
      Phoenix S. Pak, Esq.
      Katherine Harihar, Esq.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/18

### Attorneys for Defendants

BLANK ROME LLP
405 Lexington Ave
New York, NY 10174
By:  Kenneth L. Bressler, Esq.

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
By:  Russel T. Wong, Esq.
      Linh Bui, Esq.

**Sweet, D.J.**

Defendants Daktronics, Inc. and Daktronics Hoist, Inc. ("Daktronics" or the "Defendants") move for summary judgment on the issue of willful infringement, a claim that was brought by Plaintiff Olaf Sööt Design, LLC ("OSD" or the "Plaintiff"). Defendants also move for sanctions under 28 U.S.C. Section 1927 in response to Plaintiff's Rule 37 motion for relief based on alleged discovery misconduct. For the reasons set forth below, Defendants' motion for summary judgment is granted. Plaintiff's motion for Rule 37 sanctions is denied. Defendants' cross-motion for sanctions under 28 U.S.C. Section 1927 sanctions is denied.

## Prior Proceedings

The following factual background is set forth only as necessary to resolve the instant motions. A comprehensive factual background detailing the '485 Patent infringement claims, this Court's claim constructions, and the denial of Defendants' summary judgment motion can be found in prior opinions of the Court. See Olaf Soot Design, LLC v. Daktronics, Inc., 220 F. Supp. 3d 458, 462 (S.D.N.Y. 2016), reconsideration denied, No. 15 Civ. 5024 (RWS), 2017 WL 2191612 (S.D.N.Y. May

1

17, 2017). Familiarity with these opinions, as well as the facts of this case, is assumed.

The '485 Patent covers a winch system designed to move large theatre scenes on and off stage quickly and efficiently, replacing the cumbersome counterweight systems that came before it. Olaf Soot Design, LLC v. Daktronics, Inc., 220 F. Supp. at 358.

On June 25, 2015, Plaintiff, an engineering and design company specializing in the performing arts, brought this action alleging patent infringement as to U.S. Patent No. 6,520,485 ("the '485 Patent") against Defendants, two corporations engaged in the manufacture and sale of theatre rigging equipment and winch systems.

On October 26, 2016, after hearing Plaintiff's motion for claim construction and Defendants' motion for summary judgment, the Court construed twelve claim constructions on the '485 Patent and denied Defendants' summary judgment motion on the issue of non-infringement. Dkt. 72.

On May 17, 2017, Defendants' motion for reconsideration on this Court's denial of summary judgment was denied. Dkt. 137.

2

On October 26, 2017, Plaintiff's motion to amend its complaint to add the claim of willful infringement which is now before this Court was granted. Dkt. 176.

On January 30, 2018, Defendants moved for partial summary judgment on the basis that they had not willfully infringed on the '485 Patent. Dkt. 200. The same day, Plaintiff moved for relief under Rule 37, alleging non-compliance with discovery obligations.

On February 22, 2018, in response to Plaintiff's Rule 37 motion, Defendants cross-moved this Court for sanctions under 28 U.S.C. § 1927, requesting "costs and attorney's fees in responding to [Plaintiff's] Motion for Relief under Fed. R. Civ. P. 37." Dkt. 223, at 1.

On March 14, 2018, Defendants' motions for partial summary judgment, Plaintiff's motion for Rule 37 relief, and Defendants' motion for Section 1927 sanctions were heard and marked fully submitted.

**Applicable Standard**

### Summary Judgment

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. A court is not charged with weighing the evidence and determining its truth at the summary judgment stage. Rather, it must determine whether there is a genuine issue for trial. Westinghouse Elec. Corp. v. N.Y.C. Transit Auth., 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting Anderson, 477 U.S. at 249). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

4

Relief under Federal Rule 37

Federal Rule of Civil Procedure 37(b) provides for penalties against parties that "fail to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). When such a finding is made, district courts have "broad discretion in fashioning an appropriate sanction" under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002); Fed. R. Civ. P. 37(b)(2)(A).

When discovery orders are disobeyed, courts may strike pleadings, stay proceedings, hold parties in contempt of court, render a default judgment, or draw an adverse factual designation against the disobeying party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

An adverse factual designation may be appropriate where a party knowingly fails to produce relevant evidence despite having control over that evidence, and an obligation to produce the same. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002).

A court must "consider the extent to which the prevailing party has been prejudiced by the defaulting party's

noncompliance and must ensure that any sanction imposed is just
and commensurate with the failure to comply." Doug's Word
Clocks.com Pty Ltd. v. Princess Int'l, Inc., No. 16 Civ. 7322
(JMF), 2017 WL 4083581, at *5 (S.D.N.Y. Sept. 14, 2017)
(internal citations and quotation marks omitted). However,
dismissal can be "not merely to penalize those whose conduct may
be deemed to warrant such a sanction, but to deter those who
might be tempted to such conduct in the absence of such a
sanction." Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303
(2d Cir. 2009) (quoting Nat'l Hockey League v. Metro. Hockey
Club, Inc., 427 U.S. 639, 643 (1976)).

Additionally, Rule 37 provides that, "[i]nstead of or in
addition to the orders above, the court must order the
disobedient party, the attorney advising that party, or both to
pay the reasonable expenses, including attorney's fees, caused
by the failure, unless the failure was substantially justified
or other circumstances make an award of expenses unjust." Fed.
R. Civ. P. 37(b)(2)(C).

Sanctions under 28 U.S.C. § 1927

28 U.S.C. Section 1927 authorizes sanctions where "an
attorney so multiplies proceedings and engages in vexatious

6

conduct in bad faith." In re Auction Houses Antitrust Litig., 00

Civ. 0648 (LAK) (RLE), 2004 U.S. Dist. LEXIS 23351, at *18

(S.D.N.Y. Nov. 17, 2004); 28 U.S.C. § 1927. A federal District

Court has the authority, when an attorney's conduct crosses the

line from "misunderstanding, bad judgment, or well-intentioned

zeal," to frivolousness and harassment, to excess costs,

including attorneys' fees, against that attorney. Veneziano v.

Long Island Pipe Fabrication & Supply Corp, 238 F.Supp. 2d 683,

694 (D.N.J. 2002); 28 U.S.C. § 1927.


## Defendants' Summary Judgment Motion is Granted


In order "to willfully infringe a patent, the patent must

exist and the accused infringer must have knowledge of it."

State Indus., Inc. v. A.O. Smith Corp., 751 F.2d 1226, 1236; see

also Investment Technology Group, Inc. v. Liquidnet Holdings,

Inc., 759 F.Supp.2d 387, 410 (S.D.N.Y. Dec. 21, 2010). It is

well-settled that knowledge of the non-infringer's patent is a

necessary element to a claim of willful infringement. See id.;

see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.,

987 F.2d 508, 511 (Fed. Cir. 1990) ("Hence a party cannot be

found to have 'willfully' infringed a patent of which the party

had no knowledge.") Stickle v. Heublein, Inc., 716 F.2d 1550,

1565 (Fed. Cir. 1983)(affirming willfulness finding where

7

defendant "knew of the '023 patent" "but failed to investigate the scope of the patent or seek the opinion of competent counsel"); Stryker Corp. c. Intermedics Orthopedics, Inc., 96 F.3d 1409, 1414 (Fed. Cir. 1996).

Knowledge must be shown "by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Pecorino v. Vutec Corp., 934 F.Supp.2d 422, 450 (E.D.N.Y. Nov. 30, 2012); see also Halo Electronics v. Pulse Electronics 136 S.Ct. at 1926. ("A patent infringer's subjective willfulness, whether intentional or knowing, may warrant enhanced damages[.]"). "Knowledge" is defined for this purpose as "knowledge of the allegedly infringed patent and its claims." Va. Innovations Scis., Inc. v. Samsung Elecs. Co., 983 F. Supp. 2d 700, 706 (E.D. VA. 2013); Fuzzysharp Techs., Inc. v. Nvidia Corp., 2013 U.S. Dist. LEXIS 126989, at *7 (N.D. Cal. Sept. 4, 2013); Rembrandt Soc. Media, LP v. Facebook, Inc., 950 F.Supp.2d 876, 882 (E.D.VA. 2013).

Where a judicial determination of willful infringement is made, federal courts have broad discretion to "increase the damages up to three times the amount found or assessed" under 35 U.S.C. 284. The Supreme Court has held that, while district

courts are given such discretion "free from [] inelastic constraints," enhanced damages "should generally be reserved for egregious cases typified by willful misconduct." Halo Electronics v. Pulse Electronics, 136 S.Ct. 1923, 1933-34. The Halo Court was careful to note, however, that "none of this is to say that enhanced damages *must* follow a finding of egregious misconduct." Id. at 1933 (emphasis added).

Here, at summary judgment, Defendants must show that there is no triable issue of material fact on the issue of willfulness. If Defendants can point to an absence of record evidence concerning its knowledge of the '485 patent and its claims—an essential element to a willful infringement claim— summary judgment is proper. See Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988) ("[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim.") (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Defendants, having shown by clear and convincing evidence an absence of evidentiary support for the essential element of

knowledge, make that showing. Summary judgment on the issue of
no willful infringement is therefore proper.

Plaintiff urges the Court to examine the "extensive
evidence of knowledge" in this case. Pl. Opp. at 14. First,
Plaintiff points to the 2006 purchase of the Hoffend winch
company—along with its Vortek product—as evidence of
Daktronics's "pre-suit knowledge of the '485 patent and its
relationship to the Vortek Product." Pl. Opp. at 14-15.
According to Plaintiff, Defendants ignored an "obvious risk of
infringement" in making the purchase and hiring former Hoffend
employees. Id. at 15. Regarding the 2006 purchase, Plaintiff
makes two arguments: first, that Daktronics acquired whatever
knowledge Hoffend had simply by purchasing them; and second,
that through due diligence Daktronics acquired substantive
information about Hoffend's intellectual property, including the
'485 patent.[1]

_____

[1] According to Plaintiff, "[b]ecause nearly all of the Hoffend
employees became Daktronics employees after the acquisition,
their knowledge became Daktronics' knowledge—including the
knowledge of the '485 patent and its relationship to the
Vortek." Plaintiff submits that, "a reasonable jury could
conclude that Daktronics developed further substantive knowledge
through any due diligence review of the acquisition . . . ." Pl.
Opp. at 17.

First, Plaintiff cites no case law in support of the proposition that, in purchasing a company, an acquirer adopts the knowledge of its target for purposes of willful patent infringement. The Court finds no such case law.

Second, as to due diligence, Daktronics contends that "the only evidence is that Daktronics did not conduct any due diligence of those patents when it bought the Hoffend business." Dkt. 236 at 10 ("Nor did it receive a copy of the [patent] file histories."). There is simply no evidence in the record to suggest Daktronics conducted substantive due diligence into Hoffend's patents and their claims to determine potential infringements. And it is well-settled in this Circuit that "speculation cannot defeat summary judgment." Orange Re'l Med. Ctr., 690 Fed. Appx. 736, 740 (2d Cir. 2017) (concerning knowledge of corporate officers); Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 106 S.Ct. 1348 (1986) (to defeat summary judgment, the non-moving party "may nor rely on conclusory allegations or *unsubstantiated speculation*.") (emphasis added). There is no record of due diligence concerning the '485 patent. Nor is there an indication that Daktronics itself received—let alone reviewed—the patent file histories containing the '485 patent.

11

Besides, Daktronics negotiated and received a
representation and warranty that Hoffend "did not infringe any
intellectual property rights." Dkt. 236 at 11. Whether a
Daktronics *should have* inquired into existing patents before the
acquisition is a question for another day. This Court must
determine whether the record contains a triable issue of
material fact concerning Daktronics' knowledge of the '485
patent such that a reasonable jury could find willful
infringement.

Plaintiff then suggests that its outside patent prosecution
counsel, Schwegman, Lundberg, Woessner & Kluth, P.A.
("Schwegman"), had knowledge of the '485 patent, and thus
Daktronics *must have* "developed intimate knowledge" of the same.
Plaintiff alleges that Daktronics "had to review the '485 Patent
against its Vortek patents and formulate a strategy for
responding to the rejections" from the Patent office. (D.I. 215,
p. 18). But this contention is belied by the record evidence,
including direct testimony from Daktronics, and the
communications themselves.

First, the only correspondence between the Schwegman Firm
and Daktronics regarding the '485 Patent lends no support to

12

Plaintiff's view that there is "extensive evidence of knowledge" in the record.

As outside patent prosecution counsel, Schwegman wrote Daktronics in 2011 to advise it that a response to a USPTO patent rejection would be drafted, "without requiring any work on DAK's end." Dkt. 204, Ex. B at 2.[2]

Responding to a similar patent rejection in 2014, Schwegman advised Daktronics that it would "make a relatively easy response" to the USPTO and that "the references cannot legally be used against us."[3] Dkt. 204, Ex. C. Attached to this email was a copy of the '485 patent, with a note written in red text by Schwegman that reads "Not prior art." Dkt. 204, Ex. D. There is no evidence that Daktronics reviewed the email attachment, let

---

[2] The 2011 email, from Greg Smock at Schwegman to Brett Wendler at Daktronics, reads, in substantial part: "I reviewed the first Office Action on this hoist-related patent matter. On first glance, it appears that the only piece of art being used by the [USPTO] to reject DAK's patent claims is not prior art . . . In short, SLW can appropriately respond to the US Patent Office, without requiring any work on DAK's end." Dkt. 204, Ex. B at 2.

[3] The 2014 email, from Michael Mischnick to Brett Wendler, reads, in substantial part, "I have dug in a little deeper in to the Office Action for [its patent application]." Mr. Mischnick then writes, "I believe we can make a relatively easy response based on the fact that the references that are being cited by the Office Action technically are not prior art. . .[which] means the references [to the '485 Patent] cannot legally be used against us." Dkt. 204, Ex. C at 2.

13

alone '485's individual claims. Nor could it have, as Daktronics did not have any patent prosecution attorneys on staff. Dkt. 204, Ex. A at 3.

Right or wrong, Daktronics appears to have taken counsel's advice by not doing substantive research into the '485 patent. See Wendler Decl. at 4 ("Following counsel's advice I did not review the '485 Patent"); Id. ("Again, following counsel's advice I did not review the '485 Patent"). On these facts, a finding of willful patent infringement, which is "generally [] reserved for egregious cases typified by willful misconduct," is inappropriate. Halo, 136 S.Ct. at 1934.

At most, the emails are fairly read as providing Daktronics with notice of the '485 patent's *existence*. However, Schwegman clearly advised Daktronics against further action with regard to the '485 patent. Perhaps Daktronics *should have* looked into the matter further, against the advice of counsel, and sought a second opinion. Nevertheless, there being no evidence that further action was taken, willfulness cannot be established. See Radware, Ltd. V. F5 Netowrks, Inc., No. 5:13-cv-0204-RMW, 2016 U.S. Dist. LEXIS 112504, at *13 (N.D.Cal. Aug. 22, 2016) (dismissing the "incorrect[] suggesti[on] that willfulness can be proven by negligence; the Supreme Court has ruled that

14

'intentional or knowing' infringement may warrant enhanced damages.") (quoting Halo, 136 S. Ct. at 1933); see also Greenbatch Ltd., 2016 U.S. Dist. LEXIS 171939, at *6 n.3 ("Where, as here, a party fails to adduce sufficient evidence to support a reasonable jury finding a subjective intent to infringe, that party's willful infringement claim may not survive a motion for summary judgment.").

Nor is Schwegman's work preparing information disclosure statements ("IDS") suggestive of willfulness by Daktronics. First, there is no evidence that Daktronics participated in any way in the creation or review of the IDSs that listed the '485 patent. Moreover, it is Daktronics's practice "not to review the IDS's." Dkt. 204, Ex. A at 5. Even if Daktronics had reviewed one or all of the IDSs that listed the '485 patent as prior art, reference to the '485 patent is buried among 139 patents listed on one such IDS. Dkt. 204, Ex. E at 6. And courts have held that such citations to patents-in-suit are insufficient to prove knowledge for purposes of willful infringement. See DermaFocus LLC v. Ulthera, Inc., 201 F. Supp. 3d 465, 471 (D. Del. 2016) (finding "no plausible inference arises from the alleged facts that defendant had knowledge" where patent-in-suit was listed as one of seven prior art references in an IDS); see also Callwave Communications LLC v. AT&T Mobility LLC, 2014 WL 5363741, at *2

(finding "citation to the [patent-in-suit] in multiple Information Disclosure Statements," without more, "insufficient to support an allegation of willfulness")

Plaintiff devotes a significant portion of its brief to the argument that whatever knowledge Schwegman had of the '485 patent should be imputed to Daktronics based on an agency-principal theory. Plaintiff has not brought to the Court's attention a single case holding that knowledge from outside legal counsel is imputable to a client corporation for purposes of willful patent infringement. The Court finds no such cases.

Nor does Daktronics's sale of ten Vortek units after the Complaint was filed in this case establish willfulness. Def. Opp. at 15. As the parties well know, this Court held that there was no literal infringement of the '485 patent. Dkt. 72. The outstanding issue to be resolved with regard to infringement—equivalent infringement—is a question of fact for the jury. Accordingly, Daktronics's sale of ten products post-suit, while under a reasonable belief of non-infringement—as evidenced by its motion for summary judgment on non-infringement—does not import the type of egregiousness required to establish willful infringement.

A finding of no willfulness is consistent with the evidence in its entirety. There is no record evidence that Schwegman, let alone Daktronics, knew of the '485 patent's individual claims or that either party believed there was infringement of any kind before this suit was filed. See discussion supra. Even if Schwegman had acquired substantive knowledge of the '485 patent through the course of its work for Daktronics, the record does not support a finding that such information was shared with Daktronics.

Because there is no evidence that Daktronics acquired substantive knowledge of the '485 patent—whether on its own or through counsel—and because such knowledge cannot be imputed, there are no material facts from which a reasonable jury could conclude Daktronics had "knowledge of the allegedly infringed patent and its claims." Innovations Scis., Inc. v. Samsung Elecs. Co., 983 F. Supp. 2d 700, 706 (E.D. VA. 2013). Summary judgment is granted.

**Plaintiff's Rule 37 Motion is Denied**

Where a party "fail[s] to obey an order to provide or permit discovery," a district court has "broad discretion in fashioning an appropriate sanction" under Rule 37. Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002); Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 37(b)(2)(A). Among the appropriate sanctions, courts may enter adverse inference instructions, which is a "severe sanction," appropriate only where the offending party's conduct is "willful or culpable." R.F.M.A.S., Inc. v. So, 271 F.R.D. 13, 52 (S.D.N.Y. 2010), Luft v. Crown Publishers, Inc., 906 F.2d 862, 866 (2d Cir. 1990).

Plaintiff requests that this Court impose sanctions under Rule 37 by entering an adverse inference instruction regarding Daktronics's pre-suit knowledge of the '485 patent. This request stems from a this Court's 2017 order that Daktronics produce "all materials within its custody or control that are responsive to each of Plaintiff's Requests for Production" and to designate a 30(b)(6) witness to testify. Dkt. 128.

Plaintiff argues that Daktronics, in its production of relevant documents, and its preparation of its 30(b)(6) witness,

Mr. Wendler, willfully failed to comply with a Court order. Dkt. 199.

To the extent Daktronics's productions have been unsatisfactory to Plaintiff, there is no indication of willfulness. For example, Daktronics named Mr. Wendler as its 30(b)(6) witness, listing certain issues about which he would, and ultimately did, testify. Defendants did not object then, and their belated attempt to do so now falls short of establishing willfulness. Plaintiff's displeasure with the outcome of that deposition cannot form the basis of an adverse factual inference at this stage.

Nor can Daktronics's failure to seek documents from Schwegman support an adverse inference. Shcherbakovskiy v. De Capo Al Fine. Ltd., 490 F.2d 130, 138 (2d Cir. 2007) ("[A] party also need not seek such documents from third parties if compulsory process against third parties is available").

There being no evidence that Defendants have willfully violated Court-ordered discovery in this case, the motion for sanctions is denied.

## Defendant's Section 1927 Motion for Sanctions is Denied

Under 28 U.S.C. 1927, sanctions are proper where "an attorney so multiplies proceedings and engages in vexatious conduct in bad faith." In re Auction Houses Antitrust Litig., 00 Civ. 0648 (LAK) (RLE), 2004 U.S. Dist. LEXIS 23351, at *18 (S.D.N.Y. Nov. 17, 2004); 28 U.S.C. § 1927.

Defendant seeks attorneys' fees and costs based on Plaintiff's motion for Rule 37 sanctions, which it calls "shockingly meritless."

Bad faith being a prerequisite to an award of attorney's fees and costs, and none being found, the motion is denied. There is no indication that Defendant's conduct in seeking sanctions goes beyond "well-intentioned zeal," to bad faith. Veneziano v. Long Island Pipe Fabrication & Supply Corp, 238 F.Supp. 2d 683, 694 (D.N.J. 2002).

## Conclusion

Defendants' motion for summary judgment is granted.
Plaintiff's motion for Rule 37 sanctions is denied. Defendants'
cross-motion for sanctions under Section 1927 is denied.

It is so ordered.

**New York, NY**
**July 17, 2018**

ROBERT W. SWEET
U.S.D.J.