UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

OLAF SÖÖT DESIGN, LLC,

        Plaintiff,

  - against -

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

        Defendants.

------------------------------------------x

15 Civ. 5024 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiff

    TROUTMAN SANDERS LLP
    875 Third Avenue
    New York, NY 10022
    By:  James M. Bollinger, Esq.
        Timothy P. Heaton, Esq.
        Phoenix S. Pak, Esq.
        Katherine Harihar, Esq.

    Attorneys for Defendants

    BLANK ROME LLP
    405 Lexington Ave
    New York, NY 10174
    By:  Kenneth L. Bressler, Esq.

    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, TX 77002
    By:  Russel T. Wong, Esq.
        Linh Bui, Esq.

**Sweet, D.J.**

Plaintiff Olaf Soot Design ("OSD" or "Plaintiff") moves for reconsideration of this Court's July 18, 2018 grant of summary judgment on the issue of willful patent infringement by Defendant Daktronics Hoist, Inc. ("Daktronics" or "Defendant"). ECF No. 258. For the reasons set forth below, Plaintiff's motion for reconsideration is denied.

**Prior Proceedings**

On January 30, 2018, Defendants moved for partial summary judgment on the basis that they had not willfully infringed on the '485 Patent. Dkt. 200. The same day, Plaintiff moved for relief under Rule 37, alleging non-compliance with discovery obligations.

On February 22, 2018, in response to Plaintiff's Rule 37 motion, Defendants cross-moved this Court for sanctions under 28 U.S.C. § 1927, requesting "costs and attorney's fees in responding to [Plaintiff's] Motion for Relief under Fed. R. Civ. P. 37." Dkt. 223, at 1.

1

On March 14, 2018, Defendant's motions for partial summary judgment, Plaintiff's motion for Rule 37 relief, and Defendants' motion for Section 1927 sanctions were heard and marked fully submitted.

On July 18, 2018, this Court granted Defendant's motion for partial summary judgment on the issue of willful patent infringement, finding that Defendant had shown "by clear and convincing evidence an absence of evidentiary support for the essential element of knowledge" of Plaintiff's '485 Patent ("Summary Judgment Opinion"). ECF No. 258.

On August 1, 2018, Plaintiff moved to reconsider this Court's Summary Judgment Opinion. ECF No. 261. That motion was taken on submission and marked returnable eon September 5, 2018.

**Applicable Standard**

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening

2

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted). The standard for granting such a motion is "strict" and should only be done when the movant "can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and citation omitted), and "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**Plaintiff's Motion for Reconsideration is Denied**

In its motion for reconsideration, Plaintiff first contends that this Court "failed to apply the test for willful infringement as recently expanded by the Supreme Court in Halo v. Pulse Elecs., Inc." and that the Court "appl[ied] the old standard." Pl.'s Memo in Supp. at 1. The Court having cited and

3

applied the relevant test for knowledge under Halo[1], this contention is without merit. If Plaintiff's argument on reconsideration is Defendant lacked knowledge of the '485 Patent but nonetheless willfully infringed, that argument is new. Pl.'s Memo in Opp. to Summary Judgment at 19, ECF No. 215 ("[T]he complete record not only demonstrates *extensive evidence of knowledge, but strong circumstantial evidence that this knowledge was sufficiently specific*")(emphasis added). And this Court is limited to reconsidering "matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000).

Plaintiff next avers that this Court "mandate[ed] OSD prove willfulness with clear and convincing evidence." Pl's Memo in Supp. at 3. No such mandate was made. Instead, the Court found that Defendants showed, by "clear and convincing evidence, an absence of evidentiary support for the essential element of knowledge." Summary Judgment Opinion at 11. In any event, strict application of a "preponderance of the evidence" standard to the issue of willful infringement would not be "reasonably []

---

[1] See Summary Judgment Opinion at 10, ECF. No. 258 (citing Halo five times for, among others, the proposition that a finding of willful patent infringement "should generally be reserved for egregious cases typified by willful misconduct" and that "intentional or knowing infringement may warrant enhanced damages").

4

expected to alter the conclusion reached" and therefore cannot form the basis for a reconsideration grant. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Finally, Plaintiff contends that the Court committed "clear error" by recognizing an absence of case law supporting its position that "knowledge from outside legal counsel is imputable to a client corporation for the purpose of willful patent infringement." Summary Judgment Opinion at 13. There, it was noted that Plaintiff presented no cases where outside legal counsel's knowledge was imputed to a client corporation for purposes of willful patent infringement. Id. Plaintiff's contentions suffer from the same infirmity here. There being no changes in controlling law, see *Doe v. New York City Dep't of Social Services*, 709 F.2d 782, 790 (2d Cir. 1983), the motion for reconsideration is denied.

## Conclusion

Based on the conclusions set forth above, Plaintiff's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**November 27, 2018**

_____
**ROBERT W. SWEET**
**U.S.D.J.**