ThankUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X
OLAF SÖÖT DESIGN, LLC,

              Plaintiff,

                                            15 Civ. 5024 (RWS)

  - against -

                                            OPINION

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

              Defendants.
------------------------------------------------X

A P P E A R A N C E S:

        Attorneys for Plaintiff

        TROUTMAN SANDERS LLP
        875 Third Avenue
        New York, NY 10022
        By:  James M. Bollinger, Esq.
             Timothy P. Heaton, Esq.
             Phoenix S. Pak, Esq.
             Katherine Harihar, Esq.

        Attorneys for Defendants

        BLANK ROME LLP
        405 Lexington Ave
        New York, NY 10174
        By:  Kenneth L. Bressler, Esq.

        BLANK ROME LLP
        717 Texas Avenue, Suite 1400
        Houston, TX 77002
        By:  Russel T. Wong, Esq.
             Linh Bui, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**Sweet, D.J.**

Defendants Daktronics, Inc. and Daktronics Hoist, Inc. ("Daktronics" or the "Defendants") move for five motions *in limine*, requesting this Court:

1. Preclude Plaintiff Olaf Sööt Design, LLC ("OSD" or the "Plaintiff") from arguing and presenting evidence on literal infringement;

2. Preclude Plaintiff from referring to the Vortek motor bracket as a "base member";

3. Preclude Plaintiff from speculating that Defendants, or the Hoffend winch company ("Hoffend), copied the '485 patent;

4. Preclude Plaintiff from stating or implying that Defendant withheld discovery or produced documents in an untimely manner, including that Defendant refused to produce a 30(b)(6) witness;

5. Preclude Plaintiff from presenting evidence or arguing concerning the *inter partes* review and Daktronics' withdrawal of its invalidity defense.

Def.'s Memo in Supp., ECF No. 158.

Plaintiff Olaf Soot Design, LLC ("OSD" or "Plaintiff") moves for two motions *in limine*, requesting this Court:

1. Exclude prior art references and related testimony suggesting or related to the purported invalidity of the '485 patent.

2. Exclude Defendant from presenting, relying on, or referring to the settlement agreement entered into between Applied Technology ("ATI") and J.R. Clancy, Inc. ("Clancy") ("Clancy Agreement").

For the reasons that follow, Defendant's motions are granted in part and denied in part. Plaintiff's motions are granted in part and denied in part.

**Prior Proceedings**

The following factual background is set forth only as necessary to resolve the instant motions. A comprehensive factual background detailing the '485 patent, its individual claims, this Court's claim constructions, and the 2016 denial of Defendants' summary judgment motion can be found in prior opinions of the Court. See Olaf Soot Design, LLC v. Daktronics, Inc., 220 F. Supp. 3d 458, 462 (S.D.N.Y. 2016), reconsideration denied, No. 15 Civ. 5024 (RWS), 2017 WL 2191612 (S.D.N.Y. May 17, 2017). Familiarity with these opinions, as well as the facts of the case, is assumed.

The '485 patent covers a winch system designed to move large theatre scenes on and off stage quickly and efficiently, replacing the cumbersome counterweight systems of the past. Olaf Soot Design, LLC v. Daktronics, Inc., 220 F. Supp. at 358.

On June 25, 2015, Plaintiff, an engineering and design company specializing in the performing arts, brought this action alleging patent infringement as to U.S. Patent No. 6,520,485 ("the '485 Patent") against Defendants, two corporations engaged in the manufacture and sale of theatre rigging equipment and winch systems.

3

On October 26, 2016, after hearing Plaintiff's motion for claim construction and Defendants' motion for summary judgment, the Court construed twelve claim constructions on the '485 Patent and denied Defendants' summary judgment motion on the issue of non-infringement. ECF No. 72.

On May 17, 2017, Defendants' motion for reconsideration on this Court's denial of summary judgment was denied. ECF No. 137.

On October 26, 2017, Plaintiff's motion to amend its complaint to add the claim of willful infringement was granted. ECF No. 176.

On January 30, 2018, Defendants moved for partial summary judgment on the ground that they had not willfully infringed on the '485 patent. Dkt. 200. The same day, Plaintiff moved for relief under Rule 37, alleging non-compliance with discovery obligations.

On February 22, 2018, in response to Plaintiff's Rule 37 motion, Defendants cross-moved this Court for sanctions under 28 U.S.C. § 1927, requesting "costs and attorney's fees in

responding to [Plaintiff's] Motion for Relief under Fed. R. Civ. P. 37." Dkt. 223, at 1.

On July 18, 2018, this Court granted Defendant's motion for partial summary judgment on the issue of willful patent infringement, finding that Defendant had shown "by clear and convincing evidence an absence of evidentiary support for the essential element of knowledge" of Plaintiff's '485 Patent ("Summary Judgment Opinion"). ECF No. 258.

On August 1, 2018, Plaintiff moved to reconsider this Court's Summary Judgment Opinion. ECF No. 261. And on November 27, 2018, this Court denied Plaintiff's motion to reconsider. ECF No. 292.

Also on November 27, 2018, parties appeared for oral argument on their motions *in limine*, at which point they were marked fully submitted. See ECF Nos. 158, 159.

## A. Defendant's Motions

### I. Defendant's motion to preclude Plaintiff from arguing and from presenting evidence on literal infringement is granted.

In its 2016 Summary Judgment Opinion, this Court held:

> "[T]here is no literal infringement in this case because evaluating the claim language with the help of the specifications, the '485 Patent described a base member with a horizontal member. The Vortek winch does not have a base member and therefore is not literally infringing."

Summary Judgment Opinion at 72.

There being no literal infringement by the Vortek Product of the only two independent claims of the '485 patent, the issue of literal infringement is no longer before the Court. See Bayer AG v. Elan Pharm. Research Corp., 212 F.3d 1241, 1247 (Fed. Cir. 2000) "If any claim limitation is absent from the accused device, there is no literal infringement as a matter of law.").

Accordingly, the presentment of evidence on literal patent infringement by Vortek of the '485 patent would be irrelevant and unduly prejudicial. For this reason, Defendant's motion is granted.

6

## II. Defendant's motion to preclude Plaintiff from referring to the Vortek motor bracket as a "base member" is granted.

In the Summary Judgment Opinion, it was noted that the '485 patent's specification "clearly envisioned connecting the components of the base member together and not having them be separate." Summary Judgment Opinion at 22. Because the Vortek winch "does not have a base member," however, it was concluded that there was no literal infringement. Id. at 23.

OSD contends that reference to the Vortek product's individual end brackets as "bases" or "base members" is proper, because "portions of the base member are brackets, which have been determined by the Court to be components of the base member," and therefore "a bracket . . . is a base member." Pls.' Memo in Supp. at 10. This does not follow and is likely to confuse the jury into thinking that components of the Vortek's base member are themselves "base members" when that is not the case. See Summary Judgment Opinion at 7 ("Therefore there are at least two components that comprise the [485 patent's] base member").

The motion *in limine* is granted.

III. **Defendant's motion to preclude Plaintiff from speculating that Defendants, or Hoffend, copied the '485 patent is denied in part.**

Defendant submits "there is absolutely no evidence" of copying with respect to Hoffend, and that any such arguments are "pure speculation." Def. Memo in Supp. at 5. Not so. In Plaintiff's motion for leave to amend its complaint, for example (granted in October 2017 (ECF No. 176)), it is alleged that Hoffend filed an accelerated application with the USPTO[1] which included a brochure of the Olaf winch product. ECF No. 148 at 4 (noting Hoffend's inclusion in his patent application of "a brochure on the OSD winch"). Plaintiff also alleges that "during the course of the prosecution of [Hoffend's] winch patent applications, the '485 Patent was also repeatedly cited" and that Hoffend incorporated, among other things, Plaintiff's "fixed screw approach for moving the drum laterally" into his invention. See, e.g., Def.'s Memo. in Supp. at 12, ECF No. 169.

While "pure speculation" of copying by Hoffend would be unduly prejudicial and therefore excluded at trial, Plaintiff has alleged more than that. Def. Memo. in Supp. at 5; see

---

1   This patent application issued as the '622 patent, which was prosecuted by Hoffend. See Defendant's Opp. at 7-8, Dkt No. 47.

8

Georgetown Rail Equip. Co. v. Holland L.P., 867 F.3d 1229, 1245 (Fed. Cir. 2017)(allowing evidence of copying at trial that was supported by "circumstantial evidence").

In light of the evidence so far presented with respect to Hoffend, the motion *in limine* to preclude testimony that he copied the '485 patent is denied.

There being no evidence supporting the position that Defendant Daktronics "copied" the '485 patent, the motion *in limine* to preclude such testimony as speculative and unduly prejudicial is granted.

## IV. Defendant's motion to preclude Plaintiff from stating or implying Daktronics withheld discovery or refused to produce a witness is granted

Even if evidence of untimely document production or improperly withheld discovery was relevant to the underlying issue of patent infringement—and it is not—such evidence would be inadmissible under Rule 403. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice . . . .").

Evidence of discovery misconduct by Defendant has little to no probative value in a patent infringement case. The undue prejudice associated with such evidence, on the other hand, is clear. For that reason, the motion *in limine* to preclude evidence of discovery misconduct is granted.

On this basis, Defendant's sixth motion *in limine*, to preclude Plaintiff from "telling the jury that Daktronics refused to offer a corporate witness," is also granted. The relevance of such testimony is low and its potential to prejudice high. Moreover, if Plaintiff had an issue with Defendant's refusal to provide the requested 30(b)(6) witness, it could have sought appropriate relief.

The motion *in limine* is granted.

## V. Defendant's motion to preclude *inter partes* review and withdrawal of invalidity defense evidence is granted.

Defendant's petition at the Patent Trial and Appeal Board (PTAB) for *inter partes* review of the '485 patent was directed at its validity, and had nothing, as far as the Court can tell,

to do with the issue of infringement. See Def.'s Memo in Supp. at 6.

Plaintiff contends that introduction of the *inter partes* review evidence serves the purpose of discrediting certain of Defendant's witnesses. Pls.'s Memo in Supp. at 20. But the likelihood of such evidence to confuse the jury and prejudice Defendant is high. The issue before the PTAB was validity of the '485 patent. Validity is not at issue here and the jury could confuse Defendant's failure before the PTAB as evidence of infringement.

With respect to the introduction of evidence of patent validity more generally, an issue no longer before the Court, the motion *in limine* is granted. While there may be value in telling the jury "the story" of this case, including Defendant's strategic decision to assert, but later withdraw, invalidity as a defense, the danger of wasting time and needlessly presenting cumulative evidence is high. See Fed. R. Evid. 403.

Defendant's motion *in limine* to exclude evidence of its failed inter partes review and its decision to withdraw the invalidity defense is granted.

B. **Plaintiff's Motions**

I. **Plaintiff's motion to exclude purported prior art references and related testimony is granted**

Plaintiff contends that references to the prior art in this case are irrelevant and unduly prejudicial. Pl.'s Memo. in Supp. at 5. According to Plaintiff, prior art references would be useful only to establish patent validity and "have no bearing on Daktronics' remaining non-infringement defense." Id.

A presentation of such by Defendant, for example, designed to sow doubt as to the novelty of the '485 patent's underlying technology, could indeed confuse the issues in this case. Because validity is not at issue, such evidence is likely to confuse. It is of little to no probative value in a patent infringement case. See Tate Access Floors v. Interface Architectural Res., 279 F.3d 1357, 1367 (Fed. Cir. 2002).

The motion *in limine* is granted.

## II. Plaintiff's motion to exclude the Clancy Agreement and related testimony is denied.

In 2003, Clancy entered into an exclusive license agreement with an OSD subsidiary, ATI, under which periodic payments and royalties would be paid by Clancy to ATI for an exclusive right to use the '485 patent. See Clancy Agreement, ECF No. 160, Ex. 13. Soon after the relationship between Clancy and ATI soured due to non-payment of royalties and periodic payments, ATI sued Clancy for breach of contract. Pls.' Memo. in Supp. at 6. Following a partial summary judgment grant in ATI's favor, Clancy and ATI agreed to settle the claims and entered into the Clancy Agreement for that purpose. Id. The agreement provided for a one-time payment of $65,000 by Clancy to ATI in exchange for a release from ATI's claims that Clancy breached the license agreement or infringed upon the '485 patent. Id. ("ATI and Soot hereby release, hold harmless and forever discharge J.R. Clancy . . . from all claims, including but not limited to . . . infringement of US Patent No. 6,520,485").

Defendant cites TransCore, LP v. Elec. Transaction Consultants for the position that the Clancy Agreement, which released Clancy from claims of infringement of the '485 patent, is akin to a patent license. 563 F.3d at 1276 (Fed. Cir. 2009).

13

In that case, the Federal Circuit recognized that the difference between a covenant not to sue and a license to practice is "one of form, not substance—both are properly viewed as 'authorizations.'" See id. (collecting cases). Defendant seeks to introduce the terms of the Clancy Agreement, and its release from liability for claims of infringement of the '485 patent, for the purpose of determining damages in this case. See November 27, 2018 Oral Argument Transcript at 25:20-21 ("Oral Arg. Tr.").

According to Plaintiff, the Clancy Agreement is "minimally probative to the determination of a reasonable royalty for use of the '485 patent." Id. at 9. Plaintiff contends that there is "nothing about this release that has anything to do with what a hypothetical negotiation would look like." Oral Arg. Tr. 28:10-12.

As the Federal Circuit recognized in TransCore and the cases cited therein, however, a promise not to sue for patent infringement is, in essence, a license agreement. See TransCore, 563 F.3d at 1276; see also e.g., Hilgraeve Corp. v. Symantec Corp., 265 F.3d 1336, 1346 (Fed. Cir. 2001) ("This court has stated that 'licenses are considered as nothing more than a promise by the licensor not to sue the licensee.'")(quoting Jim

14

Arnold Corp. v. Hydrotech Sys., Inc., 109 F.3d 1567, 1577 (Fed. Cir. 1997).

Plaintiff's view that the Clancy Settlement is a "clear outlier compared to the other OSD settlement and licensing agreements" does not support its motion *in limine*. Pls.' Memo. in Supp. at 8. That argument, along with the contention that the settlement does not represent the '485 patent's value because it was entered into early in the litigation, and therefore should not have been relied upon by Defendant's expert, goes to the weight, not admissibility, of the evidence. See Dial Corp. v. News Corp., 165 F.Supp.3d 25, 42 (S.D.N.Y. 2016)("parties' many disagreements over the expert's methodologies go to the weight, not admissibility").

The Clancy Settlement may not be of great probative value, but its import is clear. Evidence tending to establish the monetary value of the '485 patent is plainly relevant and probative. That a third-party paid an agreed-upon price, first for the exclusive right to use the '485 patent, and second for the right not to be sued for future uses of the same, is relevant and probative. Plaintiff is free to present countervailing expert evidence tending to limit the weight of the Clancy Settlement and Defendant's expert opinion. The jury

15

is free to ascribe the appropriate weight to each party's valuation of the '485 patent.

The motion *in limine* is denied.

## Conclusion

For the reasons set forth above, Defendant's motions *in limine* are granted in part and denied in part. Likewise, Plaintiff's motions *in limine* are granted in part and denied in part.

It is so ordered.

**New York, NY**
**December 4, 2018**

_____
ROBERT W. SWEET
U.S.D.J.