UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

OLAF SÖÖT DESIGN, LLC,

        Plaintiff,

  - against -

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

        Defendants.

------------------------------------------X

15 Civ. 5024 (RWS)

OPINION

A P P E A R A N C E S:

    Attorneys for Plaintiff

    TROUTMAN SANDERS LLP
    875 Third Avenue
    New York, NY 10022
    By:  James M. Bollinger, Esq.
         Timothy P. Heaton, Esq.
         Phoenix S. Pak, Esq.
         Katherine Harihar, Esq.

    Attorneys for Defendants

    BLANK ROME LLP
    405 Lexington Ave
    New York, NY 10174
    By:  Kenneth L. Bressler, Esq.

    BLANK ROME LLP
    717 Texas Avenue, Suite 1400
    Houston, TX 77002
    By:  Russel T. Wong, Esq.
         Linh Bui, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/7/18

**Sweet, D.J.**

Defendant Daktronics, Inc. ("Daktronics" or "Defendant") moves by letter motion (ECF No. 306) for reconsideration of this Court's partial grant of Defendant's motion in limine (ECF No. 304), which disallowed testimony that Defendant "copied" the '485 patent, but allowed testimony that non-party Hoffend "copied" the '485 patent. ECF No. 304.

Also by letter motion is Defendant's objection to Plaintiff's revised Pre-Trial Order and Jury Instructions (ECF No. 283) on the basis that this Court's January 2018 Order (ECF No. 197) precludes supplements to the Joint Proposed Pre-Trial Order.[1]

For the reasons that follow, Defendant's motion for reconsideration is granted and its motion in limine to preclude reference to copying is granted in full. As to Defendant's letter motion regarding Plaintiff's substantive edits to the

---

[1] In a January 2018 order granting Defendant's Expedited Discovery Schedule on the issue of willful patent infringement (the "January Order"), the Court ordered parties to, among other things, "supplement the Joint Proposed Pre-Trial Order (including the JPO exhibits) and submit to the Court by March 15, 2018." ECF No. 197 at 2. "Any such supplementation," the Court clarified, "shall be limited to issues bearing on OSD's willful infringement allegations." Id.

1

Joint Pre-trial Order, see ECF No. 283, Defendant's position is adopted. The final pretrial order shall conform with the guidance provided below.

**Applicable Standard**

Under Local Rule 6.3, a party moving for reconsideration "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Eisenmann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (quotation marks and citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted). The standard for granting such a motion is "strict" and should only be done when the movant "can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "Such motions are not vehicles for taking a second bite at the apple," Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008) (internal quotation marks and

2

citation omitted), and "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

**Defendant's Motion for Reconsideration is Granted**

"While copying may be relevant to the obviousness, it is of no import on the question of whether the claims of an issued patent are infringed." Allen Engineering Corp. v. Bartell Indus., 299 F.3d 1336, 1352 (Fed. Cir. 2002).

In view of the limited probative value of evidence Hoffend copied the '485 patent, and the risk that such evidence could confuse the issues before the jury, the motion for reconsideration is granted.

Upon reconsideration, this Court finds that the risk of confusion and prejudice to Defendant substantially outweighs the evidence's probative value. Controlling precedent compels this finding. See Allen Engineering Corp, 299 F.3d at 1352, see also Watner-Jenkinson Co. v. Hilton Davis Chem. Co., 528 U.S. 17, 35-36 (1997); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)(reconsideration proper where movant "point[s] to controlling decisions or data that the court overlooked-matters,

3

in other words, that might reasonably be expected to alter the conclusion reached by the court.")

Defendant's motion in limine to preclude testimony of "copying" is therefore granted with respect to Hoffend.

**Defendant's Letter Motion Objecting to Substantive Supplementation of Parties' Joint Pre-trial Order**

There being no dispute between parties that this Court's January Order limited supplementation of parties' Joint Pre-trial Order to "issues bearing on OSD's willful infringement allegations," Olaf's belated revisions are of no import. ECF No. 197 at 2. They are not adopted.

Plaintiff contends that a later-filed order by this Court in October 2018, which provided for "an update in advance" of a pretrial conference in this case, see ECF No. 285 (the "October Order"), supersedes the January Order and therefore allows substantive changes to the Pre-trial Order of March 2018. ECF No. 285.

This Court's allowance of an "update," however, did not modify its earlier January Order, which narrowed

4

substantially the subject matter on which parties could update their already-agreed-upon Pre-Trial Order. ECF No. 197. In other words, any "updates" to be provided under the October Order were to be limited to "issues bearing on OSD's willful infringement allegations." Id.

Plaintiff's substantive edits to parties' March 2018 Joint Pre-trial Order are contrary to this Court's January 2018 Order.

Plaintiff's substantive revisions to the Joint Pre-trial Order of March 2018 (at ECF No. 283) are not adopted by this Court.

## Conclusion

For the reasons set forth above, Defendant's motion for reconsideration is granted. Clarification having been provided with respect to parties' Joint Pre-trial Order, parties' final order shall conform with the guidance provided herein. ECF No. 197.

It is so ordered.

**New York, NY**
**December 7, 2018**

_____
ROBERT W. SWEET
U.S.D.J.