UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OLAF SÖÖT DESIGN, LLC,<br>Plaintiff,<br>-against-<br>DAKTRONICS, INC. AND DAKTRONICS HOIST, INC.,<br>Defendants. | Case No. 1:15-cv-05024-RWS |

# JOINT PROPOSED PRETRIAL ORDER

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff Olaf Sööt Design, LLC ("Plaintiff" or "OSD") and Defendants Daktronics, Inc. and Daktronics Hoist, Inc. (collectively "Defendants" or "Daktronics") hereby submit that the following shall constitute the Final Pretrial Order and shall govern the conduct of the trial of this case.[1]

## I. THE FULL CAPTION OF THE ACTION (JUDGE SWEET'S INDIVIDUAL PRACTICE ("S.I.P.") 3(A)(I)):

The full caption for this case is that shown at the beginning of this document.

## II. APPEARANCES (S.I.P. 3(A)(II))

### A. Counsel for Plaintiff Olaf Sööt Design, LLC

James M. Bollinger
Timothy P. Heaton
Phoenix S. Pak
Katherine Harihar
Gerald E. Porter
TROUTMAN SANDERS LLP
875 Third Avenue

[1] This submission is provided in accordance with the Court's ruling (D.I. 309) regarding the contents of the Pretrial Order.

New York, New York 10022
(T): (212) 704-6000
(F): (212) 704-6288
james.bollinger@troutman.com
timothy.heaton@troutman.com
phoenix.pak@troutman.com
katherine.harihar@troutman.com
puja.dave@troutman.com
gerald.porter@troutman.com

**B. Counsel for Defendants Daktronics, Inc. and Daktronics Hoist, Inc.**

Kenneth L. Bressler
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
kbressler@blankrome.com

Russell T. Wong (pro hac vice)
Domingo Manuel LLagostera (pro hac vice)
BLANK ROME LLP
717 Texas Avenue
Suite 1400
Houston, TX 77002
713-632-8660
RWong@BlankRome.com
DLLagostera@BlankRome.com

## III. SUBJECT MATTER JURISDICTION (S.I.P. 3(A)(III))

1. This is an action for patent infringement and the jurisdiction of the Court lies pursuant to 28 U.S.C. §§ 1331 and 1338.

2. In addition, Plaintiff Olaf Sööt Design, LLC is a limited liability company incorporated under the laws of Connecticut having a principal place of business at 9 Tomahawk Lane, Greenwich, CT 06830. Defendants Daktronics, Inc. and Daktronics Hoist, Inc. are both organized and existing under the laws of South Dakota, with their principal places of business at 201 Daktronics Drive, Brookings, South Dakota 57006. The amount in controversy is in excess

of $75,000, exclusive of interest and costs. Accordingly, the Court also has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

3. Jurisdiction is not disputed.

## IV. BRIEF SUMMARY OF CLAIMS AND DEFENSES (S.I.P. 3(A)(IV))

### A. OSD's Claims and Defenses:

4. Plaintiff Olaf Sööt Design, LLC alleges that Defendants' manufacture, sale, and use of at least the following Vortek Classic hoist models (V0820, V1740, V12180, V14140, V2020, EV0301, EV0509, EV0701, EV0702, and EV0901) (collectively "Vortek Product") infringes U.S. Patent. No. 6,520,485, titled "Winch System for Raising and Lowering Theater Scenery" ("the '485 patent" or "patent-in-suit"). In this case, Plaintiff contends that OSD owns the '485 Patent with full right to sue and recover damages for any and all infringement during the relevant periods.

**Infringement:**

5. Plaintiff contends that Defendants' manufacture, distribution, sale, and use of the Vortek Product infringes at least claims 21, 23, 24, 26, 27, and 28[2] of the '485 Patent pursuant to 35 U.S.C. § 271, directly and/or indirectly. The documents and testimony to be presented at trial will establish that the Vortek Product satisfies each and every element of the asserted claims of the '485 Patent as construed by the Court; either literally or under the doctrine of equivalents. Mr. Olaf Sööt will be offered as an expert witness regarding infringement.

6. Further, the Court ruled on summary judgment that certain claim elements found in independent claims 21 and 27 are met under the doctrine of equivalents:

- "b) a base member having first and second end portions." (D.I. 72 at p. 22).

[2] The parties have stipulated that if is found that Daktronics infringes Claim 27 of the '485 Patent, Daktronics also infringes claims 21, 23, 24, 26, and 28. The parties have thus agreed that only claim 27 will be tried to the jury.

- "g) …elongated screw having a first end non-rotatably mounted to the carriage" (D.I. 72 at p. 30).

As such, the presence of these claim elements in the accused Vortek Product has been established and will not be an issue for trial. OSD disagrees with Daktronics' assertion that element (b) ("a base member…") is in dispute and an issue for the jury. The Court's further language, quoted by Daktronics, that "a reasonable jury" could find these elements under Doctrine of Equivalents is not inconsistent with the Court's ruling that the elements are in fact met under Doctrine of Equivalents – removing the issue from trial.

7. **Literal Infringement**: The Court has resolved Daktronics' motion *in limine* on this issue for which Plaintiff opposed under separate cover. Plaintiff reserves the right to appeal.

8. **Damages:** In this case, Plaintiff seeks reasonable royalties pursuant to 35 U.S.C. § 284 on Defendants' sale of the Vortek Product for the period since June 26, 2009, calculated using a reasonable royalty rate of at least $575 to $700 per unit. Specifically, Plaintiff seeks reasonable royalties in the amount of $1,028,100 to $1,251,600, as well as prejudgment interest, costs, expenses, and post-judgment interest. Mr. Joel Wacek will be offered as an expert witness regarding damages.

9. **Willful Infringement:** The Court has granted Daktronics's motion for summary judgment for no willful infringement. (D.I. 258) and denied OSD's motion for reconsideration (D.I. 292), OSD reserves its right to appeal.

10. **Exceptional Case:** Plaintiff seeks a ruling that this is an exceptional case, warranting an award of its attorneys fees, pursuant to 35 U.S.C. § 285. This will be a post-trial issue for the Court.

11. **No Invalidity:** Daktronics has dismissed its invalidity defense (D.I. 135, 136) and as such, the validity of the ’485 Patent is no longer at issue in this case and will not be an issue for trial.

**B. Daktronics’ Claims and Defenses:**

12. **First Defense - Non-Infringement:** Daktronics contend that their manufacture, distribution, sale, and/or use of the Vortek Product does not directly or indirectly infringe any claim of the ’485 Patent, including asserted claims 21, 23, 24, 26, 27, and 28.[3] The documents and testimony to be presented at trial will establish that the Vortek Product does not satisfy numerous elements of the asserted claims of the ’485 Patent as construed by the Court. Dr. Charles Garris will be offered as an expert witness regarding non-infringement.

**i. Literal Infringement Is Not a Trial Issue:**

13. Literal infringement is no longer a trial issue. The Court found in its Opinion on Summary Judgment (D.I. 72), and confirmed in its Order on Daktronics’ motion *in limine* #1 (D.I. 304, p. 6), that Daktronics does not literally meet the following elements found in independent claims 21 and 27:

- “a base member having first and second end portions” (D.I. 72 at pp. 19-22).
- “first means for slideably mounting the base member to the carriage” (D.I. 72 at pp. 23-25).
- “elongated screw having a first end non-rotatably mounted to the carriage.” (D.I. 72 at pp. 29-30).

14. Because the Court found that Daktronics’ Vortek Product does not literally meet at least one element of independent claims 21 and 27, as a matter of law, the Vortek Product does

[3] In the interest of expediency, the parties have stipulated that if is found that Daktronics infringes Claim 27 of the ’485 Patent, Daktronics also infringes claims 21, 23, 24, 26, and 28. The parties have thus agreed that only claim 27 will be tried to the jury.. Daktronics reserves its right to appeal as to all claims.

not literally infringe these independent claims. Moreover, because the Vortek Product does not literally infringe claims 21 and 27, as a matter of law, the Vortek Product does not literally infringe any of their dependent claims, including asserted dependent claims 23, 24, 26, and 28.

**ii. Doctrine of Equivalents Is a Trial Issue:**

15. The only remaining infringement issue for trial is whether the Vortek Product infringes under the doctrine of equivalents.

16. In the asserted patent claims, the parties are only disputing the following four claim limitations found in independent claims 21 and 27:[4]

- (b) a base member having first and second end portions.
- (d) first means for slideably mounting the base member to the carriage.
- (e) said drum having at a first end a hollow hub rotatably journalled at the first end portion of the base member
- (h) said hollow hub and hollow drum being sized such that the screw can move into the hollow hub to allow the hollow drum to receive the screw….

17. The Court found in its Opinion on Summary Judgment (D.I. 72, pp. 19-29) that the Vortek did not literally meet elements (b) and (d). As such, the jury only has to decide the following:

- For elements (b) and (d), does the Vortek have an equivalent to the claim limitation.
- For elements (e) and (h), does the Vortek literally meet the claim limitation, or does the Vortek have an equivalent to the claim limitation.

18. OSD claims in ¶ 6 above that the Court found in its Opinion on Summary Judgment (D.I. 72) that the Vortek Product meets element (b) under the doctrine of equivalents and therefore this element is not at issue for trial. But, in denying Daktronics' motion for summary judgment,

---

[4] Daktronics does not concede it meets any limitations of the claims, but in the interest of expediency, is focusing on these four claim elements at trial and reserves all rights to appeal.

the Court ultimately held that "a reasonable jury could find that the base member…[is] infringing." D.I. 72, p. 32. Thus, whether the Vortek meets element (b) under the doctrine of equivalents is still an open issue for trial.

**iii. Willful Infringement is Not a Trial Issue**

19. The Court ruled on summary judgment that Daktronics did not willfully infringe the '485 Patent as a matter of law (D.I. 258). The Court also denied OSD's request to the Court to reconsider that decision (D.I. 292). As such, willfulness will not be tried to the jury. Daktronics' motion for sanctions on the willfulness issue remains pending before the Court (D.I. 264, 266).

20. **Second Defense – Invalidity (Withdrawn):** Daktronics previously withdrew its Second Defense of Invalidity (D.I. 135, 136) and as such, the validity of the '485 Patent is no longer at issue in this case and will not be an issue for trial.

21. **Third Defense - Prosecution History Estoppel (Withdrawn):** Daktronics previously withdrew its Third Defense of Prosecution History Estoppel and as such, prosecution history estoppel is no longer at issue in this case and will not be an issue for trial.

22. **Fourth Defense – Laches (Withdrawn):** Daktronics previously withdrew its Fourth Defense of Laches (D.I. 135, 136) and as such, laches is no longer at issue in this case and will not be an issue for trial.

23. **Fifth Defense – Limitation on Reasonably Royalty Damages:** Should the jury find infringement, Daktronics agrees with OSD that a reasonable royalty pursuant to 35 U.S.C. § 284 is the appropriate measure of damages, and the damages period begins on June 26, 2009. However, Daktronics disagrees with OSD regarding the reasonable royalty calculations. Daktronics contends the reasonable royalty is within the range of no more than $135 to $200 per unit, correlating to reasonable royalty damages of $222,210 to $329,200. Daktronics disagrees

that OSD should be awarded any costs or expenses. Ms. Dawn Hall will be offered as an expert witness on damages.

24. **Sixth Defense – No Injunctive Relief (Withdrawn):** OSD is no longer seeking injunctive relief, and thus Daktronics hereby withdraws its Sixth Defense of No Injunctive Relief.

25. **Exceptional Case:** Daktronics seeks a ruling that this is an exceptional case, warranting an award of its attorneys' fees pursuant to 35 U.S.C. § 285. This will be a post-trial issue for the Court.

## V. STATEMENT REGARDING JURY AND TRIAL LENGTH (S.I.P. 3(A)(V))

26. This case is to be tried with a jury. A jury trial is not disputed. With the understanding that the Court typically schedules 5 hours of trial time per a day of trial, the parties anticipate that the trial will last 3-5 trial days, inclusive of voir dire, opening statements and closing arguments.

## VI. STATEMENT REGARDING MAGISTRATE JUDGE (S.I.P. 3(A)(VI))

27. The parties have not consented to trial of this case by a magistrate judge.

## VII. STIPULATIONS AND AGREED STATEMENTS OF FACT AND LAW (S.I.P. 3(A)(VII)):

28. The parties stipulate and agree to the statements of facts and law listed in attached **Exhibit 1.** These stipulated and agreed statements of fact and law require no proof at trial and will become part of the evidentiary record in this case.

## VIII. WITNESS LISTS (S.I.P. 3(A)(VIII, IX))

29. Plaintiff's list of witnesses they will or may call at trial are attached as **Exhibit 2**.

30. Defendants' list of witnesses they will or may call at trial are attached as **Exhibit 3**.

## IX. PROPOSED TRIAL EXHIBITS

31. The list of Plaintiff's proposed trial exhibits, along with Defendants' remaining objections thereto, is attached hereto as **Exhibit 6**.

32. The list of Defendants' proposed trial exhibits, along with Plaintiff's remaining objections thereto, is attached hereto as **Exhibit 7**.

33. Plaintiff's trial exhibits will be identified with **PTX** numbers. Defendants' trial exhibits will be identified with **DTX** numbers.

34. The parties reserve the right to offer exhibits set forth on any other party's exhibit list, even if not set forth on their own exhibit list. All objections to such exhibits are preserved, regardless of whether such exhibits also appear on the objecting party's exhibit list.

35. Any exhibits, once admitted at trial, may be used equally by any party for any proper purpose, subject to any limitations of objections as to its admission into evidence.

36. The demonstrative the parties intend to use at trial do not need to be described on their respective lists of trial exhibits. Plaintiff's demonstrative will be identified with **PDX** numbers. Defendants' demonstrative will be identified with **DDX** numbers. The parties agree that there is no exchange of demonstratives to be used for cross of witnesses. If a party provides exhibits (for example a binder of exhibits) to a witness prior to examination, the party will provide one copy to the other party.

37. Legible copies of United States and international patents and published applications, and the contents thereof, as well as their corresponding prosecution histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

## X. PARTIES' PROPOSED EXCHANGE SCHEDULE

The parties have agreed upon the following procedures prior to and during trial:

**Pretrial Meet-and-Confer re: Trial Exhibits:**

38. The parties will meet and confer approximately 1 week before trial in an effort to resolve objections to each others' trial exhibits. This may occur over multiple sessions as scheduling dictates.

39. Prior to the meet-and-confer, the parties will identify those exhibits which they most likely expect to introduce at trial, which listing becomes the subject of the meet-and-confer. Although there is no maximum number and the parties agree not to object if a party later seeks to introduce exhibits that were not identified during this process, the parties agree to make a meaningful effort to identify their expected trial exhibits (and/or those highly unlikely to arise). The "reduction" will not be filed with the Court.

**During Trial:**

40. The parties will disclose any physical samples of the accused product at 12 PM[5] the day before trial begins, with objections served by 5:30 PM that same day, followed by a meet-and-confer at 7:30 PM.

41. The parties will disclose their next day's expected witnesses in the order expected to be called, and anticipated trial exhibits and demonstrative exhibits (including slides) to be used with those witnesses during direct examination, but not for cross-examination, as well as any live product demonstrations, 2 hours after a trial day ends (5 PM on days without trial). This provision does not apply to demonstratives created in the courtroom during live testimony.

42. 4 hours after the trial day ends (7 PM on days without trial), the parties will provide objections to the demonstrative exhibits disclosed earlier that evening and will indicate whether

[5] All times proposed herein are Eastern Time.

they withdraw previously lodged objections to any of the trial exhibits that were not agreed to be withdrawn at the pretrial meet-and-confer.

43. 4.5 hours after the trial day ends (7:30 PM on days without trial), the parties will meet-and-confer regarding any objections to the demonstrative exhibits disclosed for use during the following day of trial, in an effort to resolve their objections.

44. The parties acknowledge and understand that the specific exchange times agreed upon here may be adjusted as needs arise based upon the daily trial schedule.

## XI. ADDITIONAL MATTERS

45. The parties request that the Court show the jury the Federal Judicial Center Video, entitled "The Patent Process: An Overview for Jurors." The parties believe that this video will provide the jury with important information about the patent system, and aid in their understanding of the evidence and argument presented during the trial. OSD has a copy of this video and will provide it to the Court if necessary.

| | |
|---|---|
| Respectfully submitted,<br><br>OLAF SÖÖT DESIGN, LLC<br><br>By their attorneys;<br><br>/s/ James M. Bollinger<br>James M. Bollinger<br>Timothy P. Heaton<br>Phoenix S. Pak<br>Katherine Harihar<br>Gerald E. Porter<br>TROUTMAN SANDERS LLP<br>875 Third Avenue<br>New York, New York 10022<br>(T): (212) 704-6000<br>(F): (212) 704-6288<br>james.bollinger@troutman.com<br>timothy.heaton@troutman.com<br>phoenix.pak@troutman.com<br>katherine.harihar@troutman.com<br>gerald.porter@troutman.com | DAKTRONICS INC. and DAKTRONICS HOIST INC.<br><br>By their attorneys;<br><br>/s/ Kenneth L. Bressler<br>Kenneth L. Bressler<br>BLANK ROME LLP<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174<br>kbressler@blankrome.com<br><br>Russell T. Wong (pro hac vice)<br>Domingo Manuel LLagostera (pro hac vice)<br>BLANK ROME LLP<br>717 Texas Avenue<br>Suite 1400<br>Houston, TX 77002<br>713-632-8660<br>RWong@BlankRome.com<br>LBui@BlankRome.com<br>DLLagostera@BlankRome.com<br><br>**Dated: December 9, 2018** |