UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
OLAF SÖÖT DESIGN, LLC,

              Plaintiff,

  - against -

DAKTRONICS, INC. and
DAKTRONICS HOIST, INC.,

              Defendants.
------------------------------------------X

15 Civ. 5024 (RWS)

OPINION

A P P E A R A N C E S:

Attorneys for Plaintiff

TROUTMAN SANDERS LLP
875 Third Avenue
New York, NY 10022
By:  James M. Bollinger, Esq.
     Timothy P. Heaton, Esq.
     Phoenix S. Pak, Esq.
     Katherine Harihar, Esq.

Attorneys for Defendants

BLANK ROME LLP
405 Lexington Ave
New York, NY 10174
By:  Kenneth L. Bressler, Esq.

BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, TX 77002
By:  Russel T. Wong, Esq.
     ~~Linh Bui, Esq.~~

**Sweet, D.J.**

Before this Court is a dispute over the interpretation of this Court's October 26, 2016 Summary Judgment and Claim Construction Opinion ("Summary Judgment Opinion"). See Summary Judgment Opinion, ECF No. 72.

In its Summary Judgment Opinion, this Court construed twelve claim terms appearing in U.S. Patent No. 6,520,485 patent ("485 patent") and denied Defendant's motion for summary judgment on non-infringement. Id. In denying summary judgment with respect to the alleged infringement of the '485 patent's "base member," for example, which functions to support horizontally the cylindrical drum this Court held that, because "the Vortek winch does not have a base member . . . it is not literally infringing." Id. at 23. The language that follows, however, appears to be the source of the instant dispute:

> "[T]he Vortek winch's base member is infringing under the doctrine of equivalents. Finding that there is no infringement for having a base member that supports the drum, but lacks a horizontal member would allow "unimportant and insubstantial substitutes for certain elements that could defeat the patent."
>
> Id. at 23 (cleaned up).

1

Similar language appears in this Court's analysis of equivalent infringement by the Vortek product against the "first means for slideably mounting the base member to the carriage" ("first means") and "elongated screw having a first end non-rotatably mounted to the carriage" ("elongated screw") terms of the '485 patent. Id. at 23, 29, 32

This Court ultimately denied summary judgment, holding that "a reasonable factfinder *could find infringement* for each term." See id. at 33 ("In this case, a reasonable jury could find that the base member, first means for slideably mounting the base member to the carriage, and elongated screw having a first end having a first end non-rotatably mounted to the carriage are infringing.").

In deciding not to reconsider its Summary Judgment Opinion, the Court clarified its finding. See ECF No. 82 ("A reasonable factfinder could find the Vortek's design . . . "an insubstantial structural difference that is structurally equivalent in performing an identical function to the '458 patent.").

2

Now, on the eve of trial, parties hotly contest the import of the Summary Judgment Opinion—specifically, whether its holding settled the issue of equivalent infringement by the accused Vortek product against the '485 patent. See Pls.'s Memo. in Supp., ECF No. 287 and Def.'s Memo. in Supp., ECF No. 288.

Plaintiff Olaf Soot Design, LLC ("Olaf" or the "Plaintiff") takes the position that the Court's Summary Judgment Opinion contained an "explicit finding under 56(f) that 'base member,' [among others] is infringed under the doctrine of equivalents – removing the issue from trial." Pl.'s Memo. in Supp. at 11, ECF No. 287. In Plaintiff's view, this Court's denial of Defendant's non-infringement summary judgment motion affirmatively established doctrine of equivalents infringement with respect to the "base member having first and second end portions" claim element. Id.

Defendant Daktronics, Inc. ("Daktronics" or the "Defendant") "does not agree the Court found the [base member] element met under the doctrine of equivalents." Def. Response in Opp. at 2, ECF No. 288. Defendant contends that, while "the Court initially said that the Vortek base member is infringing under the doctrine of equivalents, [it] ultimately held that a

reasonable jury could find that the base member is infringing."
Id. at 2 (cleaned up). This Court agrees.

**The Summary Judgment Opinion did not find doctrine of equivalents infringement**

The "law of the case" doctrine in this circuit "does not limit the power of a court, but merely expresses the practice of courts generally to refuse to reopen what has been decided." See North River Ins. Co. v. Philadelphia Reinsurance Corp, 63 F.3d 160, 164 (2d Cir. 1995).

The Court's holding in the Summary Judgment Opinion is clear: the "base member," the "first means," and the "elongated screw" elements are not literally infringed by the Vortek product, but a reasonable jury could nonetheless find infringement under the doctrine of equivalents. See Summary Judgment Opinion at 33 ("Summary Judgment is denied because a reasonable factfinder could find infringement for each term"). The language Plaintiffs invoke to argue otherwise, while inartful, conflicts both with the Summary Judgment Opinion's holding as well as this the Court's clarification of the same in its reconsideration opinion. See ECF Nos. 72 and 82. It therefore has no effect on the "law of the case."

4

The issues to be determined at trial, then, include whether each of these terms (base member, first means, and elongated screw) is infringed upon under the doctrine of equivalents.

## Conclusion

Parties shall incorporate the above clarification into their presentment of the issues at trial.

It is so ordered.

**New York, NY**
**December 10, 2018**

ROBERT W. SWEET
U.S.D.J.