UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

OLAF SÖÖT DESIGN, LLC,                                   :

                                                                           :

                                           Plaintiff,            :            MEMORANDUM DECISION
                                                                                         AND ORDER
                                                                           :

             -against-                                            :            15 Civ. 5024 (GBD) (OTW)

                                                                           :

DAKTRONICS, INC. and DAKTRONICS HOIST INC.,   :

                                                                           :

                                           Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

GEORGE B. DANIELS, United States District Judge:

        After a jury verdict for Plaintiff, the Federal Circuit *sua sponte* reversed the judgment of

infringement and Defendants submitted a Bill of Costs pursuant to Federal Rule of Civil Procedure

54(d)(1) and Local Rule 54.1 to the Clerk of the Court. (ECF 427.) Since that date, Defendants

have filed multiple iterations of their Bill of Costs primarily due to administrative errors in their

submissions. (ECF Nos. 428, 434-1.) On March 4, 2022, Defendants filed their latest Bill of Costs

(ECF No. 438), and Plaintiff filed its opposition. (ECF No. 440.)

        Before this Court is Magistrate Judge Wang's March 31, 2022 Report and

Recommendation (the "Report"), which recommends that Defendants' Motion for Costs, (ECF

No. 438), be granted in part and denied in part. (Report at 15.)[1] The Report also recommends that

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is
incorporated by reference herein.

the Court stay the taxation on Defendants' costs pending the Supreme Court decision on whether to grant Plaintiff's Petition for Writ of Certiorari.[2] (*Id.*) Magistrate Judge Wang advised the parties that failure to timely file objections to the Report would result in a waiver of those objections on appeal. (*Id.* at 15-16.) Defendants filed a response, on April 14, 2022, accepting the Report. (Defendants' Response to Magistrate Judge Ona T. Wang's March 31, 2022 Report and Recommendation Relating to Defendant's [sic] Bill of Costs ("Defs. Response"), ECF No. 443, at 1.) Plaintiff filed objections to the Report on April 14, 2022. (Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("Pl. Opp."), ECF No. 444.) Having reviewed the portions of the Report properly objected to *de novo*, this court ADOPTS the Report in full.

## I.     LEGAL STANDARDS

### a.  Report and Recommendation

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are

---

[2] On June 21, 2022, the Supreme Court entered an order denying Plaintiff's Petition for Writ of Certiorari. (Letter to Magistrate Judge Ona T. Wang, dated July 5, 2022, ECF No. 446.) Thus, this recommendation is moot.

improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at \*3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### b. Motion for Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. Fed. R. Civ. P. 54.

The term "costs" in Rule 54(d)(1) refers to the items enumerated in 28 U.S.C. § 1920. *India.com, Inc. v. Dalal*, No. 02 CIV 0111 DLC, 2010 WL 2758567, at \*1 (S.D.N.Y. July 13, 2010) (citing *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated by Bruce v. Samuels*, 577 U.S. 82, 136 S. Ct. 627 (2016)). Such costs include "[f]ees for printed or electronically recorded transcripts" and "[f]ees for exemplification and the costs of making copies of any materials," where such transcripts and copies are "necessarily obtained for use in the case." 28 U.S.C.A. § 1920 (West).

"The losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources . . . In light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so." *Whitfield*, 241 F.3d at 270.

3

Local Civil Rule 54.1 further outlines the costs taxable in the Southern District of New York, and controls to the extent that it addresses a particular cost. *Watkins v. New York City Transit Auth.*, No. 16-CV-4161 (ER), 2022 WL 500906, at *2 (S.D.N.Y. Feb. 18, 2022).

## II.  DEFENDANTS' MOTION FOR COSTS IS GRANTED IN PART AND DENIED IN PART

Despite the extended procedural history of this matter, this Court's decision on Magistrate Judge Wang's Report is made simpler due to Defendants' acceptance of the Report. (Defs. Response at 1.)  Magistrate Judge Wang correctly reasoned that Defendants' request for (i) deposition transcript costs, (ii) Dr. Garris' trial subsistence costs, and (iii) exemplification and copies costs should be denied.   Similarly, Magistrate Judge Wang properly reasoned that Defendants' request for (i) Dr. Garris' deposition attendance costs of $40.00, (ii) Dr. Garris' trial attendance costs of $80.00, (iii) Dr. Garris' trial and deposition travel costs of $815.00, (iv) Dr. Garris' deposition subsistence costs of $313.00, and (v) subpoena costs of $390.00 should be granted.

The only cost at issue is that for the trial transcript.  Plaintiff objects to the Report and argues that (1) the trial transcripts were not "necessarily obtained" because they became publicly available before the notices of appeal were filed and (2) Defendants' latest trial transcript invoices included 'Real Time' transcript costs in addition to the original transcript cost. (Pl. Opp. at 3-4.) The 'original' trial transcript was "necessarily obtained."  'Real Time' transcript costs will be excluded from Defendants' recovery since Local Rule 54.1 specifically provides for the "original trial transcript" and Defendants have not proffered any explanation for why 'Real Time' was "necessarily obtained."  Based on the Defendants invoice submissions (ECF Nos. 443-2-7), they

paid $3,878.55 for 'original' trial transcripts. Thus, Defendants are entitled to $3,878.55 for 'original' trial transcripts.

### III.   **CONCLUSION**

Defendants' motion for costs is GRANTED IN PART and DENIED IN PART.

Defendants' request for the following costs are **DENIED**:

      i.     Deposition transcript costs
     ii.     Dr. Garris' trial subsistence costs
    iii.     Exemplification and copies costs

Defendants' request for the following costs are **GRANTED**:

      i.     Dr. Garris' deposition attendance costs of $40.00
     ii.     Dr. Garris' trial attendance costs of $80.00
    iii.     Dr. Garris' trial and deposition travel costs of $815.10
    iv.     Dr. Garris' deposition subsistence costs of $313.00
     v.     Subpoena costs of $390.00
    vi.     Original trial transcripts costs of $3,878.55

Thus, Defendants are awarded $5,516.65 in total.

Dated: New York, New York
      August 17, 2022

SO ORDERED.

George B. Daniels

GEORGE B. DANIELS
United States District Judge